UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
DUWAYNE JOHN
                  Petitioner,

      -against-

UNITED STATES OF AMERICA,
                  Respondent.

09 cv 3116(GBD)

MEMORANDUM DECISION AND ORDER

------------------------------------ x

GEORGE B. DANIELS, District Judge:

      On February 10, 2005, following a two-week trial, a jury convicted Duwayne John ("Petitioner") of conspiracy to distribute and possess with intent to distribute marijuana; distribution and possession of marijuana with intent to distribute; and possession of a firearm in furtherance of the marijuana conspiracy. Petitioner appealed his conviction on Sixth Amendment grounds, including ineffective assistance of counsel. The Second Circuit Court of Appeals affirmed his conviction.

      Petitioner now moves this Court to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.[1] Petitioner again claims that he received ineffective assistance of counsel. Specifically, he claims that (1) his lead trial counsel was absent for part of the trial, leaving him represented by a lawyer with whom he did not feel comfortable; (2) his trial counsel failed to make a proper investigation into, and evaluation of, available evidence before proceeding to trial; (3) both trial and appellate counsel failed to argue that the mandatary penalties of 18 U.S.C.

---

[1] 28 U.S.C. §2255(a) states in relevant part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

§ 924(c) should not apply in his case; and (4) there existed a conflict of interest between trial counsel's agenda and petitioner's interests. Petitioner also makes a motion for discovery pursuant to Rule 6 of the Rules Governing Section 2255 Proceedings. All of petitioner's motions are denied.

## I. Ineffective Assistance of Counsel

Petitioner repeats in this motion an argument that was considered and rejected in his direct appeal - that he received ineffective assistance of counsel at trial as a result of his counsel's absence for two and a half days of the trial following the Courts's refusal to grant petitioner's request for an adjournment. Petitioner is procedurally barred from raising this claim.

A petition made pursuant to 28 U.S.C. § 2255 "cannot be used to relitigate questions which were raised and considered on direct appeal." United States v. Pitcher, 559 F.3d 120, 123 (2d Cir. 2009) (reversing a district court's order granting a §2255 petition claiming ineffective assistance because the petitioner's argument - that trial counsel misinformed him about the benefits of cooperation and the risks of trial - was "simply the inverse" of his argument on direct appeal that, but for his counsel's ineffectiveness, the petitioner would have pursued a cooperation agreement). A §2255 claim cannot be "premised on the same facts and rest on the same legal ground" as a claim brought on direct appeal.

Petitioner's current motion is identical to his argument on direct appeal, that in addition to being deprived of his counsel of choice as a result of the district court's refusal to adjourn the trial, his counsel's absence and subsequent return foreclosed any possibility of effective representation. Petitioner is barred from relitigating this claim.

## II. Counsel failed to make sufficient investigation of petitioner's case-

Petitioner claims that his counsel did not make a proper investigation of the facts of the case, or evaluate properly the Government's evidence in determining whether or not to go to

trial. He maintains that had his counsel investigated the evidence properly, petitioner could have entered into a plea bargain with the Government, thereby resulting in a reduction of his sentence.

Defense counsel has a duty to "make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Strickland v. Washington, 466 U.S. 668, 691 (1984). The law does not "compel defense counsel to investigate comprehensively every lead or possible defense . . . or to scour the globe on the off-chance something will turn up." Greiner v. Wells, 417 F.3d 305, 321 (2d Cir. 2005). (internal quotation marks and citation omitted).

Petitioner offers no credible basis for finding his counsel's investigation insufficient or that any other aspect of his representation was unreasonable. He merely contends that had his counsel investigated the case more thoroughly, he would have recognized the strength of the Government's case and advised him to enter into a plea agreement resulting in a substantially lesser sentence. This argument is purely speculative. Petitioner's assumption that a plea would have resulted in a reduction of his sentence to 10 years or less, or some other sentence substantially less than the 312 months imposed, is belied by the record. The record is replete with the Government's long standing view of petitioner's supervisory role within the drug organization, and the prosecution's aggressive efforts to enhance petitioner's sentence even beyond that imposed by the court. There is no factual basis for assuming that had petitioner's counsel investigated or considered his case differently, there is a reasonable probability that petitioner's sentences would be different.

### III. Trial and Appellate Counsel rendered ineffective assistance of counsel-

Petitioner claims that both his trial and appellate counsel were ineffective for failing to argue that the language of 18 U.S.C. § 924(c) precludes a mandatory 60-month sentence for his firearm possession offense given that petitioner also received a mandatory minimum 240 month

sentence as a result of his conviction for conspiracy to distribute and possess with intent to distribute marijuana. Petitioner's unavailing argument is premised on the argument that his counsel should have foreseen the reading of 18 U.S.C. § 924(c) adopted by the Second Circuit Court of Appeals several years afer his sentencing and direct appeal.

In United States v. Whitley, 529 F.3d 150, 153-156 (2d Cir. 2008), the Court held that the introductory "except clause" of § 924(c) bars the imposition of a mandatory five year sentence for a gun possession offense if the defendant has also been convicted of another weapons offense carrying a greater mandatory minimum sentence. Subsequently, the Court decided in United States v. Williams, 558 F.3d 166, 170-71 (2d Cir. 2009) that the mandatory consecutive penalties of § 924(c) - for use and possession of a firearm in connection with a drug or violent crime - are inapplicable where a defendant is subject to a longer minimum sentence for the underlying drug or violent offense.

At the time of petitioner's sentencing and appeal, the Second Circuit had not yet addressed the argument that petitioner now claims that his counsel should have raised. Additionally, the argument had been firmly rejected by every other circuit that had addressed the issue at the time of petitioner's sentencing and direct appeal. See United States v. Baldwin, 41 Fed. Appx. 713, 715, 2002 WL 726485 (6th Cir. 2002); United States v. Studifin, 240 F.3d 415, 423 (4th Cir. 2001); United States v. Alaniz, 235 F.3d 386, 389 (8th Cir. 2000).

A constitutionally effective attorney is not required to foresee changes in the law, especially in a case such as this where the case law at the time was well-settled. See Muniz v. United States, 360 F. Supp. 2d 574, 579 (S.D.N.Y. 2005) (counsel not ineffective for failing to raise Apprendi arguments at sentencing or on appeal). Petitioner's claim that his trial and appellate counsel should have "considered" the law governing the consecutive five year sentence

for his gun offense, or should have raised a Williams-like challenge, does not stand in light of the state of the law at the time of sentencing and the appeal.

## IV. Conflict of Interest between petitioner and his counsel

Petitioner alleges that a conflict of interest existed with his trial counsel. Petitioner characterizes his counsel as being "more concerned about his own agenda" than petitioner's case. Petitioner claims that his counsel was preoccupied with other cases and "social gatherings" and visited petitioner only to "secure the payment of his fees." (Petitioner's Motion at 5).

There are three types of conflict of interest that may result in the deprivation of the effective assistance of counsel: (1) a *per se* conflict;[2] (2) an actual conflict that adversely affects the attorney's representation of a defendant; and (3) a potential conflict that results in prejudice to the defendant, which is analyzed under the traditional ineffectiveness standards set out in Strickland. See Armienti v. United States, 313 F.3d 807, 810 (2d Cir. 2002) ("Armienti II").

In order to prevail on a claim of a conflict of interest, a defendant must first show that a conflict between him and his counsel existed, and then must demonstrate that the conflict adversely affected counsel's performance. An actual conflict exists when "during the course of the representation, the attorney's and defendant's interests diverge with respect to a material legal or factual issue or to a course of action." United States v. Schwartz, 283 F.3d 76, 91 (2d Cir. 2002). To show divergent interests, "[s]peculation is not enough." Triana v. United States, 205 F.3d 36, 42 (2d Cir. 2000). The defendant must demonstrate a "lapse in representation" due to the conflict; that is, the defendant "must demonstrate that some plausible alternative defense strategy or tactic might have been pursued, and that the alternative defense was inherently in

---

[2] *Per se* conflicts are limited to two classes of cases: (1) where trial counsel "is not authorized to practice law;" (2) where trial counsel "is implicated in the very crime for which his or her client is on trial." Armienti v. United States, 234 F.3d 820, 823 (2d Cir. 2000) ("Armienti I").

conflict with or not undertaken due to the attorney's other loyalties or interests." Armienti II, 313 F.3d at 811.

Petitioner does not offer any facts indicating that there was any conflict between his counsel's other commitments and the decisions made in his case. Petitioner's claims of a potential conflict between him and his counsel under the Strickland ineffectiveness standard have already been denied. Petitioner's counsel's actions were not objectively unreasonable and did not prejudice his defense.

Petitioner's motion to vacate, set aside or correct his sentence pursuant to 29 U.S.C. §2255 is denied. Petitioner's motion for discovery pursuant to Rule 6 of the Rules Governing Section 2255 Proceedings is also denied.


Dated: June 8, 2010
New York, New York

SO ORDERED:

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge