# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

---

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

December 28, 2015

**BY HAND and ECF**

Honorable George B. Daniels
United States District Judge
Southern District of New York
United States District Court
500 Pearl Street
New York, NY 10007

Re:  **United States v. Duwayne John** S4 03 Cr. 140-02 (JFK)
**Motion for Reduction of Sentence under 18 U.S.C. § 3582(c)(2)**

Dear Judge Daniels:

    I write to request that the Court reduce John's sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10. Under Amendment 782 to the Sentencing Guidelines, made retroactive by the Sentencing Commission, see U.S.S.G. § 1B1.10(d) (November 1, 2014, edition), the Guidelines range applicable to Mr. John's case has been lowered to 210 to 262 months. The probation department has indicated in its supplemental report that Mr. John is eligible for a sentencing reduction. For the reasons set forth below, a sentence of 270 months' imprisonment (210 months plus 60 months additional on Count 3), the bottom of the newly reduced range, is appropriate.

## A.   Background

    After a jury trial, the Court sentenced Mr. John on July 28, 2005. At that time, the Court calculated Mr. Gonzalez's offense level as 38, which, in criminal history category II, yielded a corresponding Guideline range of 262 to 327 months. The Court

Honorable George B. Daniels                    December 28, 2015
United States District Judge                   Page 2

sentenced Mr. John to a term of 322 months, the bottom of the
applicable guidelines range (262 months), plus an additional 60
months to run consecutively on Count 3.

        The Probation department has prepared a supplemental report
indicating that Mr. John is eligible for a sentence reduction
because his total offense level has been reduced to 36, with a
corresponding guidelines range of 210 to 262 months.

        Amendment 782 to the Guidelines, made retroactive by the
Commission on November 1, 2014, reduces the base offense level
for most drug offenses by two.[1] Under the Amendment, Mr. John
would face a reduction in his total offense level from 38 to 36.
See U.S.S.G. § 2D1.1(c) (November 1, 2014, edition). At offense
level 36 and criminal history category II the amended range is
210 to 262 months' imprisonment.

        For the reasons that follow, the Court can and should reduce
Mr. John's term of imprisonment on Counts I and II to 210 months'
imprisonment, (with a total term of imprisonment of 270 months)
the bottom of the amended range. See U.S.S.G. § 1B1.10(b)(2)(A).

**B.**    **The Court should reduce Mr. John's sentence to the
       bottom of the amended range, a total of 270 months.**

        To determine the extent of a sentencing reduction under §
3582(c)(2) for an eligible defendant, a court "shall consider the
factors set forth in 18 U.S.C. § 3553(a)" as well as "public
safety consideration[s]" (including "the nature and seriousness
of the danger to any person or the community that may be posed by
a reduction") and the defendant's "post-sentencing conduct."
U.S.S.G. § 1B1.1, comment. (n.1(B)). These considerations warrant
a sentence of 270 months, the bottom of the amended range.

        Mr. John has made good, productive use of his time in
prison. He has completed a wide range of classes offered by the
BOP including courses in Basic and Advanced Business planning,

---

[1]     More precisely, the Commission voted in favor of Amendment
782 (reducing the base offense level in most drug cases by two)
on April 10, 2014, and then voted to amend U.S.S.G. § 1B1.10 to
make Amendment 782's reductions retroactively applicable to
defendants currently serving terms of imprisonment for
drug-related crimes on July 18, 2014. The effective date of both
amendments is November 1, 2014.

Honorable George B. Daniels                    December 28, 2015
United States District Judge                    Page 3

Typing, Advanced Accounting, Politics and Government, Parenting,
Spanish, and numerous others.

      Mr. John has also been steadily employed while incarcerated.
He currently works as a Recreation Aide, a post he has held for
more than five years. His work evaluations have been uniformly
good. He previously worked in food service and as an orderly. He
makes regular payments towards his fine, and has paid his special
assessment in full.

      As noted in the Supplemental Report prepared by probation,
Mr. John has not received any disciplinary sanctions for violence
or assaultive behavior. He has not had any disciplinary incidents
of any kind since 2007, more than eight years ago, when he was
sanctioned with extra duty and loss of commissary for minor
infractions such as smoking in an unauthorized area and being in
an unauthorized area.

      Mr. John has no history of violence of any kind. Although a
gun was found by agents executing a search warrant in January
2003, there is nothing about Mr. John's case that would suggest
that he presents a risk to public safety such that a reduction
should not be granted and there is nothing about his post-
sentencing conduct that would make a sentence reduction
inappropriate, see U.S.S.G. § 1B1.10, comment. (n.1(B)). To the
contrary, everything about his conduct while in prison suggests
that Mr. John is committed to living a law-abiding life upon his
release from custody.

      Because Mr. John is not a United States citizen, he is
ineligible for any pre-release programs and is likely to be
transferred directly from BOP custody to ICE custody for
deportation to Jamaica upon completion of his sentence.

## C.   Conclusion

      In reducing the offense level for drug offenses and making
the reduction retroactive, the Sentencing Commission indicated
that one of the primary reasons for the amendment was to reduce
the federal prison population and alleviate overcrowding.   In
addition, the Commission found that the reduction was not likely
to jeopardize public safety, citing its own studies that showed
"no statistically significant difference" in recidivism rates for
those persons whose sentences were reduced by the retroactive
amendments to crack cocaine sentences in 2007 compared to a
control group that served their entire sentence. See U.S.S.G.
App. C, Amend. 782, Reason for Amendment (2014).

Honorable George B. Daniels                    December 28, 2015
United States District Judge                   Page 4

        Mr. John is precisely the kind of non-violent offender, with
excellent post-sentencing conduct, for which this amendment was
enacted. For all of the above reasons, the Court should
resentence Mr. John to 270 months' imprisonment (210 months on
Counts I and II, followed by 60 months on Count III), the bottom
of the amended range, under the authority of 18 U.S.C. §
3582(c)(2) and U.S.S.G. § 1B1.10.

                              Respectfully submitted,


                              **Jennifer L. Brown**
                              Attorney-in-Charge
                              Federal Defenders of New York
                              (212) 417-8722

cc: Janice Sandt
    Mr. Duwayne John
    Register No. 52245-054