UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

UNITED STATES OF AMERICA,

    -against-

DUWAYNE JOHN,
    a/k/a Dwayne
    a/k/a Sean Anthony Brown
    a/k/a David Anthony Ryan

                   Defendant.

------------------------------------- x

        MEMORANDUM DECISION
            AND ORDER

            03 Crim. 00140

GEORGE B. DANIELS, United States District Judge:

    Defendant, *pro se,* moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), U.S. Sentencing Guidelines § 1B1.13, and 28 C.F.R. § 571.61. (Compassionate Release Mot., ECF No. 70.) Defendant was originally sentenced to 322 months' imprisonment following a jury trial in which he was found guilty of (1) conspiracy to distribute and possess with intent to distribute 1,000 kilograms and more of marijuana, (2) distribution and possession with intent to distribute over 100 kilograms of marijuana, and (3) possession of a firearm in furtherance of a drug trafficking crime. (*See* J., ECF No. 39; Gov't Opp'n to Mot., ECF No. 74, at 2.) In 2016, this Court reduced Defendant's sentence to 270 months based on Amendment 782 to the Sentencing Guidelines and pursuant to 18 U.S.C. § 3582(c)(2) and 28 U.S.C. § 994(u). (Order on Mot. for Sentence Reduction, ECF No. 67.) Defendant is currently incarcerated at FCI Victorville Medium I, Federal Prison with a projected release date of October 25, 2023.

    As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) allows a court to reduce a term of imprisonment (and impose a term of probation or supervised release, not to exceed the unserved portion of the original term of imprisonment) if, after assessing the factors set forth in § 3553(a), it finds that "extraordinary and compelling reasons warrant such a reduction."

*Id.* § 3582(c)(1)(A)(i).[1] Any such reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.*[2] Defendant bears the burden of proving that "extraordinary and compelling reasons" exist under 18 U.S.C. § 3582(c)(1)(A) to justify release. *United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease.").

Defendant is approximately 52 years old and suffers from hypertension, *i.e.*, high-blood pressure. (Compassionate Release Mot. at 8, Ex. B.) On December 2, 2022, Defendant filed a notice of medical updates, revealing a recently suffered heart attack and a medical regimen, in support of his motion for compassionate release. (Def.'s Not. of Medical Updates, ECF No. 76.) Defendant argues that in light of his hypertension and recent heart attack, he will "suffer substantially" if infected with COVID-19. (Def.'s Reply, ECF No. 78, at 2.) The Centers for Disease Control and Prevention ("CDC") lists heart failures and high-blood pressure as medical conditions posing an increased risk for severe illness when infected with COVID-19. *See Coronavirus Disease 2019 (COVID-19) – People with Certain Medical Conditions*, CTR. DISEASE CONTROL, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Apr. 10, 2023) ("Having heart conditions such as heart failure

---

[1] A court may only afford relief under Section 3582(c)(1)(A) "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The Government has not disputed Defendant's claim that he has satisfied this procedural requirement. (Gov't Opp'n to Mot. at 3 n.2.)

[2] Defendant cites United States Sentencing Guidelines § 1B1.13 as an applicable policy statement. (Compassionate Release Mot. at 3.) The Second Circuit, however, has held that "Guideline § 1B1.13 does not, by its own terms, apply" to compassionate release motions that are "not brought by the BOP Director." *United States v. Brooker*, 976 F.3d 228, 236–37 (2d Cir. 2020). Accordingly, Guideline § 1B1.13 does not "limit[ a] district court's discretion" when the motion is brought by a defendant. *Id.* at 237; (*see also* Compassionate Release Mot. at 18–19).

2

. . . and possibly high blood pressure (hypertension) can make you more likely to get very sick from COVID-19.").

Even with his underlying medical conditions, Defendant has failed to show the "extraordinary and compelling reasons" necessary for compassionate release. The Government has not disputed that Defendant recently suffered a heart attack requiring the implementation of a coronary stent and continuous medication. (*See* Not. of Medical Updates; Def.'s Reply at 2.) These health conditions, however, combined with the mere existence of COVID-19, do not present extraordinary and compelling reasons to justify his release for two reasons.

First, while acknowledging the seriousness of the Defendant's medical updates, a heart attack does not warrant another reduction in the Defendant's sentence. *See, e.g.*, *United States v. Carlton*, No. 05 CR. 796 (PGG), 2023 WL 1070219, at *4 (S.D.N.Y. Jan. 27, 2023) ("[R]ecent heart attack and bradycardia diagnosis . . . would not justify a further reduction in his sentence.").

Second, courts in this Circuit have repeatedly held that an elevated risk of COVID-19 alone is insufficient to justify compassionate release. *See United States v. Betrand,* No. 15-CR-308-1 (KPF), 2020 WL 4004031, at *4 (S.D.N.Y. July 15, 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering [the Federal Bureau of Prisons'] statutory role, and its extensive and professional efforts to curtail the virus's spread."); *United States v. Stevens,* 459 F. Supp. 3d 478, 486 (W.D.N.Y. 2020) ("[T]he mere *possibility* of contracting a communicable disease such as COVID-19, without any showing that the Bureau of Prisons will not or cannot guard against or treat such a disease, does not constitute an extraordinary or compelling reason for a sentence reduction under the statutory scheme."). Furthermore, the

Federal Bureau of Prisons' ("BOP") statistics indicate that only a single inmate and zero staff at FCI Victorville Medium I are currently testing positive for COVID-19. *See BOP COVID-19 Statistics*, FED. BUREAU PRISONS, https://www.bop.gov/coronavirus/covid19_statistics.html (last visited Apr. 10, 2023).

Defendant argues that his release would benefit the public insofar as fewer people in prison means less potential COVID-19 exposure to corrections officers and other BOP workers. (*See* Compassionate Release Mot. at 16.) These arguments are neither extraordinary nor compelling. *See United States v. Farmer,* No. 19-CR-427 (LTS), 2022 WL 47517, at *2–3, 6 (S.D.N.Y. Jan. 5, 2022) (where defendant cited "the heightened risks that prisons pose for infection due to the confined spaces, overcrowding, and lack of consistent sanitation," court found that "[w]hile [defendant]'s concerns are legitimate, as numerous federal courts have noted, the mere existence of COVID-19 in society and possibility that it may spread to a particular prison alone cannot independently justify compassionate release" (internal quotation marks omitted)); *United States v. Guzman-Cabrera,* No. 18-CR-868 (SHS), 2022 WL 1114582, at *2 (S.D.N.Y. Apr. 13, 2022) (denying compassionate release where "current cases in the prison are currently quite low, with three recorded cases among inmates and nineteen among staff.").

Even if the Defendant's conditions and the mere existence of COVID-19 in society were in his favor, the 18 U.S.C. § 3553(a) factors counsel against Defendant's early release. The nature and circumstances of Defendant's offenses indicate that the sentence currently imposed remains sufficient but not greater than necessary in this case. This Court already reduced Defendant's original sentence from 322 months to 270 months based on the 2014 Amendments to the Sentencing Guidelines. (*See* Order on Mot. for Sentence Reduction.) Defendant's current sentence appropriately reflects the gravity of his offenses and the need for deterrence. Defendant is

4

commended for his rehabilitation efforts, good conduct, and lack of disciplinary infractions while incarcerated. (*See* Compassionate Release Mot. at 14–16.) However, Defendant's current sentence of 270 months imprisonment—210 months for Counts 1 and 2, plus 60 months additional on Count 3—is the lowest sentence in the revised Guidelines' range of 210 to 262 months' imprisonment for Counts 1 and 2. His anticipated release date is only six months away.

Because Defendant has not demonstrated "extraordinary and compelling" reasons to reduce his sentence, Defendant's request for compassionate release is DENIED. The Clerk of Court is hereby directed to close the open motions at ECF Nos. 70 and 72.

Dated: April 11, 2023
      New York, New York

SO ORDERED.

_George B. Daniels_
GEORGE B. DANIELS
United States District Judge